FRED BRYAN v. H. M. COGSWELL, *et al.*

178 So. 830.
Division A.
Opinion Filed November 13, 1937.
Petition for Rehearing Denied December 16, 1937.

*Thos. B. Adams,* for Appellant;
*John D. Shepard,* for Appellees.

BUFORD, J.—The appeal brings for review order striking cross bill and appointing a receiver.

On April 4, 1936, Cogswell filed a bill of complaint seeking an accounting and dissolution of an alleged partnership. On April 22, 1936, Bryan filed his answer. Essie C. Bryan, wife of Fred Bryan, and Mary E. Cogswell, wife of H. M. Cogswell, were made parties to the suit in abundance of caution because the assets of the partnership consisted

chiefly of real estate and it was sought to divest the wives of the partners, respectively, of any inchoate interest which they might have, or claim to have, in and to the property involved.

On April 22, 1936, Mrs. Bryan and Mrs. Cogswell filed their appearance and later, on June 30, 1936, they filed a stipulation in the following language:

"Come now the defendant, Esther Carl Bryan, and the complainant, H. M. Cogswell, and stipulate as follows:

"a. That it was understood and agreed by virtue of the announcement of the Court at the hearing on April 22, 1936, that the Court would proceed to determine on the merits whether a partnership existed between complainant and the defendant, Fred Bryan, in which issue Esther Carl Bryan is not interested.

"b. Further stipulated and agreed that this defendant, Esther Carl Bryan, makes no objection to the determination by the Court as to whether a receivership pending the litigation be appointed.

"c. Further stipulated that this defendant, Esther Carl Bryan, and her counsel were present in Court at each hearing and the taking of the testimony and the argument, and were invited by counsel for complainant to ask any question of the witnesses, or otherwise take any part they desired to take in the proceedings, but by reason of the fact that the interests of this defendant lie principally in whatever award the Court may make in favor of Fred Bryan this defendant did not care to make any such inquiries or take any part in the light of the way the case progressed.

"Dated this May 29, 1936.

"HUBERT E. GRIGGS,
"Attorney for Esther Carl Bryan.
"JOHN D. SHEPARD,
"Attorney for Complainant,
H. M. Cogswell.

"The stipulation made by the defendant, Esther Carl Bryan, above in paragraphs a and b are likewise my understanding of the situation and are agreed to by me.

"MARY E. COGSWELL."

"MARY E. COGSWELL."

On April 22, 1936, the court proceeded to hear testimony. On May 1, 1936, the hearing was closed.

On June 12th, 1936, without leave of court having been obtained, Bryan filed a cross bill and counterclaim. On motion, an order was made on August 3, 1936, striking the cross bill and counterclaim. That order contains the following:

"This cause came on for further hearing this day on the motion of the defendant, Fred Bryan, to take further evidence and upon the motion of the complainant, H. M. Cogswell, to strike from the files the cross bill filed herein on the 12th day of May, 1936. The case was originally presented on April 22nd, 1936, upon application of complainant for appointment of a receiver. On that day and at that time the defendant, Fred Bryan, filed his answer. Testimony was then taken by the court and subsequently on April 28th, 1936, and May 1st, 1936, at which time both the complainant and the defendant, Fred Bryan, announced closed. Shortly thereafter the case was argued orally before the Court and briefs were filed.

"On May 15th and June 8th, 1936, there were filed the answers of the defendant, Mary E. Cogswell and Esther Carl Bryan, respectively. On May 30th there was placed in the files a stipulation of counsel for the complainant and the defendants, Mary E. Cogswell and Esther Carl Bryan, that no objection was taken by said defendants to the determination by the Court of the appointment of a receiver herein pending this litigation, and on August 3rd, 1936, the

two defendants, Mary E. Cogswell and Esther Carl Bryan, filed their consent to the entry of the final decree.

"In the state of the pleadings the Court is of the opinion that the matter to be determined at this time, in view of the fact that the cross bill, the answers of the defendants, Mary E. Cogswell and Esther Carl Bryan, and the consent to the entry of the final decree, were filed after the case was presented orally and on briefs, is the original Application of April 22nd, 1936, for the appointment of a temporary receiver.

"The Court is further of the opinion ·that inasmuch as the cross bill was filed approximately three weeks after the filing of the answer and without leave of court, the same ·should be stricken.

"After the Court announced its ruling to strike the cross bill, counsel for defendant Bryan presented a motion to be allowed to file the same *nunc pro tunc* May 12th, 1936. This motion is also denied.

"The Court is further of the opinion that the motion to take further testimony having come after the Court announced an adverse ruling, and containing no valid reason why evidence referred to therein was not presented when the other testimony was taken, the same should therefore be denied.

"It Is FURTHER ORDERED That A. A. Walker be, and she is hereby appointed Receiver of the property described in the bill of complaint, upon furnishing a bond in the sum of Five Thousand Dollars, conditioned upon the faithful performance of her duties as such receiver and the proper accounting of all moneys that shall come into her hands as such. Said bond shall be signed by two good and sufficient sureties to be approved by the Clerk of the Circuit Court of Brevard County, Florida, or by a surety company authorized to do business in the State of Florida.

"Done and Ordered at Fort Pierce, Florida, this the 8th day of August, A. D. 1936."

The correctness of the statements made in the Order of Court is not challenged. The cross bill and counterclaim sought to set up the defense that the partnership had long since been dissolved and had ceased to exist but that there had been no final settlement of the partnership affairs and that the property formerly belonging to the partnership was held by co-partners as tenants in common and was subject to partition, rather than an adjudication of accounting and dissolution.

The cross bill and counterclaim was an amplification of the allegations of the answer and presented the same issues that were presented by the bill of complaint and the answer with the addition that it sought to have an adjudication that the rights of the parties should be had in a partition suit, rather than in a suit to account and settle and dissolve a partnership.

As heretofore stated, the cross bill and counterclaim was filed after the testimony on all issues presented by the bill of complaint and the answer had been taken before the Court and had been considered by the Court. The cross bill and counterclaim presented no new issues, but at most was an amplification of the statement of the issues and the claim of another and different remedy. The Chancellor, with the evidence before him, considered the counterclaim in the light of former pleadings and granted the motion to strike.

The bill of complaint clearly stated sufficient grounds for an adjudication for an accounting, a disposition of the partnership property and a dissolution of the partnership. No attack was made on the sufficiency of the bill of complaint. The defendant answered. The counterclaim simply sought to change the character of the suit from that which it pre-

sented under the bill of complaint and the answer to that of a suit for partition. It was not made to appear that the rights of the parties could not be fully and fairly adjudicated under the issues presented to the Court and under the testimony heard pursuant to these issues prior to the filing of the cross bill and counterclaim.

Upon consideration of the whole record, reversible error has not been made to appear. The order appealed from should be and is hereby affirmed.

So ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.

### ON PETITION FOR REHEARING.

PER CURIAM.—On petition for rehearing amongst other things it is brought to our attention that by inadvertence it is stated in the opinion filed herein on November 13, 1937, "On June 12, 1936, without leave of Court having been obtained, Ryan filed a cross bill on counterclaim," when the record shows that the cross bill was filed on May 12, 1936, instead of June 12.

Reference to the record shows that the date named should have been May 12 instead of June 12. Therefore, the Clerk of this Court is directed to change the date June 12 to the date May 12 in the said opinion.

Otherwise, petition for rehearing is denied.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.